UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CHANGZHOU TRINA SOLAR ENERGY CO. LTD. ET AL., <br><br> Plaintiffs and Consolidated Plaintiffs, and <br><br> JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. ET AL., <br><br> Consolidated Plaintiffs and Plaintiff-Intervenors <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, and <br><br> SOLARWORLD AMERICAS, INC., ET AL., <br><br> Defendant-Intervenor and Consolidated Defendant-Intervenors. | Consol. Ct. No. 18-00176 |

COMMENTS ON FINAL RESULTS OF REMAND REDETERMINATION OF JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD. AND JINGAO SOLAR CO., LTD.

Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*

Dated: May 5, 2021

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ II
**INTRODUCTION AND SUMMARY OF ARGUMENT** ......................................................... 1
**STANDARD OF REVIEW** ................................................................................................ 2
**ARGUMENT** .................................................................................................................... 2
**I.  COMMERCE'S DETERMINATION TO CALCULATE INTERNATIONAL FREIGHT USING XENETA DATA, RATHER THAN MAERSK DATA, COMPLIES WITH THE COURT'S DIRECTIVE AND IS SUPPORTED BY SUBSTANTIAL EVIDENCE** ................................................................................................................ 2
**CONCLUSION** ................................................................................................................ 3

# TABLE OF AUTHORITIES

**Cases**

AG der Dillinger Huttenwerke v. United States, 28 CIT 94, 310 F. Supp. 2d 1347 (2004)........... 2
Changzhou Trina Solar Energy Co., Ltd. v. United States, Consol. Ct. No. 18-00176, 2021 Ct.
    Intl. Trade LEXIS 1, 492 F. Supp. 3d 1322 (Jan. 4, 2021)..................................................... 1, 2
NMB Sing. Ltd. v. United States, 28 CIT 1252, 341 F. Supp. 2d 1327 (2004).............................. 2

**Statutes**

19 U.S.C. § 1516a ............................................................................................................................. 2

In accordance with Rule 56.2(h) of the Rules of the U.S. Court of International Trade and the order issued by this Court on January 4, 2021, ECF No. 102, Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd. (collectively, "JA Solar") submit these comments in response to the second remand results filed by the Department of Commerce ("Commerce").  See Final Results of Remand Redetermination Pursuant to Ct. Remand, Changzhou Trina Solar Energy Co., Ltd. v. United States, Consol. Ct. No. 18-00176 (Apr. 5, 2021) (Public Document), ECF No. 105 ("Remand Results").

## INTRODUCTION AND SUMMARY OF ARGUMENT

This Court remanded Commerce's final results of the fourth administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from China, for a second time, for Commerce to reconsider and further explain its reliance on the Maersk Line data rather than the Xeneta XS data to value the international freight expenses of Changzhou Trina Solar Energy Co., Ltd.; Trina Solar (Changzhou) Science and Technology Co., Ltd.; Yancheng Trina Solar Energy Technology Co., Ltd.; Changzhou Trina Solar Yabang Energy Co., Ltd.; Turpan Trina Solar Energy Co., Ltd.; Hubei Trina Solar Energy Co., Ltd.; and Trina Solar (Hefei) Science and Technology Co. Ltd. (collectively, "Trina").  See Changzhou Trina Solar Energy Co., Ltd. v. United States, Consol. Ct. No. 18-00176, 2021 Ct. Intl. Trade LEXIS 1, 492 F. Supp. 3d 1322 (2021) ("Changzhou Trina II").   In the Remand Results, Commerce properly implemented the Court's directive by calculating Trina's ocean freight surrogate value using the Xeneta Data instead of the Maersk data.  See Remand Results at 7.   The Court should, therefore, sustain the Remand Results.

**STANDARD OF REVIEW**

The Court reviews remand determinations for compliance with its remand order. See NMB Sing. Ltd. v. United States, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004) (affirming on remand where agency determinations were in accordance with law, supported by substantial evidence and otherwise satisfied the remand order). Any factual findings on remand must be supported by substantial evidence and the agency's legal determinations must be in accordance with law. See 19 U.S.C. § 1516a(b)(1)(B); see also AG der Dillinger Huttenwerke v. United States, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004).

**ARGUMENT**

I. **COMMERCE'S DETERMINATION TO CALCULATE INTERNATIONAL FREIGHT USING XENETA DATA, RATHER THAN MAERSK DATA, COMPLIES WITH THE COURT'S DIRECTIVE AND IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Commerce properly implemented this Court's second remand directive and relied on Xeneta data, instead of Maersk data, to value Trina's ocean freight expenses. See Remand Results at 7. In Changzhou Trina II, this Court found that Commerce's reliance on the Maersk data on the basis of container specificity was unreasonable in light of the evidence that detracted from the agency's determination "{g}iven that Commerce cannot conclude that either data set excludes quotes for hazardous or refrigerated goods, and that the record lacks support for distinct costs for shipping electronics." Changzhou Trina II, 2021 Ct. Intl. Trade LEXIS 1, at *13. This Court further added that Commerce could not use the agency's unsupported conclusions on container specificity to elude the analysis on lack of route specificity in the Maersk data and the comparative representativeness of the two datasets. See id. at *14-16.

Following the Court's order, Commerce revised its ocean freight surrogate value and correctly concluded that the Xeneta data represented the best available information with which to calculate Trina's ocean freight expenses, making the following determination:

> Commerce evaluates potential surrogate values based on their: (1) specificity to the input; (2) tax and import duty exclusivity; (3) contemporaneity with the period under consideration; (4) representativeness of a broad market average; and (5) public availability. Both the Maersk and Xeneta datasets equally satisfy Commerce's criteria of tax exclusivity, contemporaneity, and public availability. However, <u>Xeneta data are both more specific to the shipping routes used by Trina (Xeneta rates cover the freight routes used by Trina while Maersk data only cover approximately 30 percent of the routes used by Trina) and present a broader market average than the Maersk data (Xeneta data include thousands of actual shipments covering every day of the POR while the Maersk data comprise 32 price quotes, with 15 of the quotes from only one day of the POR).</u>

Remand Results at 6 (internal citation omitted) (emphasis supplied).

Commerce disregarded its unreasonable prior conclusions on container specificity, as mandated by this Court, and correctly concluded, based on substantial evidence on the record, that the Xeneta data better satisfied Commerce's surrogate value selection criteria. Given that Commerce complied with the Court's remand directive on this issue, the Court should sustain the Remand Results.

## CONCLUSION

For the reasons set forth herein, this Court must sustain Commerce's Remand Results with respect to the selection of the Xeneta data to value Trina's ocean freight expenses.

    Respectfully submitted,

    /s/ Jeffrey S. Grimson
    Jeffrey S. Grimson
    Sarah M. Wyss
    Bryan P. Cenko
    Mowry & Grimson, PLLC
    5335 Wisconsin Avenue NW, Suite 810
    Washington, DC 20015
    202-688-3610 (phone)
    trade@mowrygrimson.com
    *Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*

Dated: May 5, 2021

**Certificate of Compliance with Chambers Procedure 2(B)(1)**

      As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 815 words. This brief thus complies with the Standard Chambers Procedures, which permits briefs of 10,000 words or fewer.

Dated: May 5, 2021

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*